Rose, J.P.
Appeals (1) from an order of the Supreme Court (Muller, J.), entered April 8, 2011 in Warren County, which denied plaintiffs motion to set aside a verdict, and (2) from a judgment of said court, entered April 11, 2011 in Warren County, upon a verdict rendered in favor of defendant.
Plaintiff commenced this action against defendant seeking damages for injuries he sustained as a result of an alleged battery unlawfully committed upon him by defendant. In his answer defendant raised, as pertinent here, the affirmative defense of justification. After trial, the jury returned a verdict in favor of defendant, finding that he was justified in his use of what it found to be deadly physical force upon plaintiff. Plaintiff immediately moved to set aside the verdict as against the weight of the credible evidence and sought an order directing judgment in his favor. Supreme Court denied the motion and entered judgment on the verdict. Plaintiff now appeals from both the order denying his postverdict motion and the judgment, arguing that no fair interpretation of the evidence supports the jury’s *829 finding that defendant’s use of deadly physical force was justified.[1]
As a general rule, a verdict should not be set aside as against the weight of the credible evidence unless “ ‘the evidence so preponderate [d] in favor of the [movant] that [the verdict] could not have been reached on any fair interpretation of the evidence’ ” (Biello v Albany Mem. Hosp., 49 AD3d 1036, 1037 [2008], quoting Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; accord Dentes v Mauser, 91 AD3d 1143, 1144 [2012]). We view the evidence in a light most favorable to defendant, as the nonmoving party (see Adami v Wallace, 68 AD3d 1397, 1398-1399 [2009]), and our review is tempered by the “ ‘considerable deference [that] must be accorded to the jury’s interpretation of the evidence and resolution of credibility issues’ ” (Harris v Parwez, 13 AD3d 675, 677 [2004], quoting Hess v Dart, 282 AD2d 810, 811 [2001]; see Vogel v Cichy, 53 AD3d 877, 878 [2008]; Heilbrunn v Town of Woodstock, 50 AD3d 1377, 1378 [2008]). Nevertheless, as the verdict finding that defendant acted in self-defense required a conclusion that defendant was not the initial aggressor in the encounter, we must agree with plaintiff that no fair interpretation of the evidence supports that conclusion.
According to defendant’s own testimony, he became upset and angry when he received two threatening phone calls from plaintiff shortly after midnight. Although he knew that plaintiff had been drinking, he immediately got into his pickup truck and drove 20 miles to plaintiffs home with the intention of settling their ongoing dispute “man to man.” When defendant arrived at plaintiffs home, he parked his truck in the driveway with the headlights shining on plaintiffs front door and got out. Plaintiff stepped out onto the small front porch of his home, saw that defendant was on his property and retrieved a maul handle from inside the house. In order to “level the playing field,” defendant then pulled a baseball bat from his truck. As defendant stood in front of his truck some 30 to 40 feet from plaintiff, who stayed on his porch, the two men yelled obscenities back and forth at each other while plaintiff repeatedly banged the maul handle hard on the deck of the porch. Nevertheless, defendant began to walk toward plaintiffs house. Although plaintiff yelled to his chained dog to “sic” defendant as he approached the house, defendant skirted the limited range of the dog’s chain and continued to advance on the porch with the bat in his hand as each man yelled taunts and challenges at the *830 other. When defendant reached the porch steps and was almost face to face with plaintiff, more angry words were exchanged and defendant again challenged plaintiff to drop his weapon and come down from the porch for a fist fight. Instead, plaintiff remained on his porch, told defendant to get off his property and then swung the maul handle. In response, defendant struck plaintiff with the bat.
The defense of justification is not available to the initial aggressor (see Penal Law § 35.15 [1] [b]; People v Peele, 73 AD3d 1219, 1221 [2010], lv denied 15 NY3d 894 [2010]; People v Ham, 67 AD3d 1038, 1039 [2009]; People v Mungin, 106 AD2d 519, 519 [1984]). Supreme Court instructed the jury that the initial aggressor is “the person who first attacks or threatens to attack, that is, the first person who uses or threatens the immediate use of . . . physical force.” Supreme Court also instructed the jury that verbal threats could not be considered in determining who was the initial aggressor.[2] Despite plaintiff’s prior threatening phone calls and the evidence that plaintiff was the first of the two to swing his club, there is no dispute that defendant drove to plaintiff’s home and then advanced on plaintiffs front porch with a bat in his hand while demanding a fist fight. Given these circumstances, the jury’s conclusion that defendant was not the first to threaten the immediate use of physical force is unreachable on any fair interpretation of the evidence (see Matter of Anthony E., 82 AD3d 1544, 1545-1546 [2011]; see also People v Ryan, 55 AD3d 960, 963 [2008]; People v Grady, 40 AD3d 1368, 1372 [2007], lv denied 9 NY3d 923 [2007]). Inasmuch as defendant chose to force this encounter, he could have — and should have — withdrawn from it long before he reached plaintiffs porch steps.
Malone Jr. and Garry, JJ., concur.

. The jury’s finding that defendant used deadly physical force on plaintiff when he struck him with the baseball bat is not disputed.

. As this charge was given without objection, it is the law of the case (see Passantino v Consolidated Edison Co. of N.Y., 54 NY2d 840, 842 [1981]; Schnarch v Owen, 124 AD2d 372, 373 [1986]; Paul v Kagan, 92 AD2d 988, 988 [1983]; but see People v Petty, 7 NY3d 277, 285 [2006]).